UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION

| | | |
|---|---|---|
| DONNA JORDAN | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION NO. MO 05CV123 |
| | § | |
| ECTOR COUNTY, TEXAS and | § | |
| JANIS MORGAN, INDIVIDUALLY AND | § | |
| IN HER OFFICIAL CAPACITY AS | § | |
| ECTOR COUNTY DISTRICT CLERK | § | |
| | § | |
| *Defendants.* | § | |
| | § | |

### PLAINTIFF'S PROPOSED. JURY INSTRUCTIONS AND VERDICT FORMS

**TO THE HONORABLE ROBERT JUNELL, U.S. DISTRICT JUDGE:**

Plaintiff **Donna Jordan ("Plaintiff")** submits the following Proposed Jury Instructions, Definitions and Interrogatories, pursuant to Local Rule CV-16(e)(7).

                                                                Respectfully submitted,

                                                                LAW OFFICES OF BRIAN CARNEY
                                                                1202 West Texas Avenue
                                                                 Midland, Texas 79701
                                                                 (432) 686-8300
                                                                 FAX (432) 686-1949

                                                                By: _____
                                                                BRIAN CARNEY
                                                               State Bar No. 03832275

## GENERAL INSTRUCTIONS AND DEFINITIONS

**Burden of Proof**

The burden is on the plaintiff in a civil action, such as this one, to prove every element of her claim by a preponderance of the evidence. If the proof should fail to establish any essential element of the plaintiff's claim in this case, the jury should find for the defendant.

**Preponderance of the Evidence**

In this case, the plaintiff must prove every essential part of her claim by a preponderance of the evidence.

A preponderance of the evidence simply means evidence that persuades you that the plaintiff's claims are more likely true than not true.

In deciding whether any fact has been proven by a preponderance of the evidence, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

If the proof fails to establish any essential part of the plaintiff's claim by a preponderance of the evidence, you should find for the defendant as to that claim.

**Credibility**

As the sole judges of the facts, you must determine which of the witnesses you believe, what portion of their testimony you accept and what weight you attach to it.

The law does not, however, require you to accept all of the evidence I shall admit, even though it be competent. In determining what evidence you will accept, you must make your own evaluation of the testimony given by each of the witnesses, and determine the degree of weight you choose to give his testimony. The same tests that you use in your everyday dealings are the

tests which you apply in your deliberations. The interest or lack of interest of any witness in the outcome of this case, the bias or prejudice of a witness, if there be any, the appearance, the manner in which the witness gives his testimony on the stand, the opportunity that the witness had to observe the facts concerning which he testifies, the probability or improbability of the witness' testimony when viewed in light of all of the other evidence in the case, are all items to be taken into your consideration in determining the weight, if any, you will assign to that witness' testimony.

     A witness may be discredited or impeached by contradictory evidence; or by evidence that at some other time the witness has said or done something, or has failed to say or do something, which is inconsistent with the witness' present testimony.

**Circumstantial Evidence and Direct Evidence**

     There are two types of evidence from which a jury may properly find the truth as to the facts of a case. One is direct evidence - such as the testimony of an eyewitness. The other is indirect or circumstantial evidence - the proof of a chain of circumstances pointing to the existence or non-existence of certain facts.

     The law makes no distinction between direct and circumstantial evidence, but simply requires that you find the facts from a preponderance of all the evidence in the case, both direct and circumstantial.

*Source:*   ***Desert Palace, Inc. V. Costa***, 123 S.Ct. 2148 (2003); *citing **Rogers v. Missouri Pacific R. Co.***, 352 U.S. 500, 508, n. 17, 77 S.Ct.443, 1 L.Ed.2d 493 (1957)

**Inferences can be made from the evidence**

     You are to consider only the evidence in the case, but, in your consideration of the evidence, you are not limited to the bald statements of the witnesses. In other words, you are not

limited solely to what you see and hear as the witnesses testify. You are permitted to draw, from facts which you find have been proved, such reasonable inferences as seem justified in the light of your experience.

"Inferences" are deductions or conclusions which reason and common sense lead you to draw from facts which have been established by the evidence in the case.

If Plaintiffs disprove the reasons offered by Defendant by a preponderance of the evidence, you may presume that the employer was motivated by discrimination or retaliation.

Source: ***Ratliff v. City of Gainesville***, 256 F.3d 355,359 (5th Cir. 2001); citing (holding that the district court erred when it failed to give the following inference instruction: "If the Plaintiff disproves the reasons offered by Defendant by a preponderance of the evidence, you may presume that the employer was motivated by age [or race, sex, disability, etc.] discrimination."); *citing **Reeves v. Sanderson Plumbing Products, Inc.***, 530 U.S. 133, 120 S. Ct. 2097, 147 L.Ed.2d 105 (2000);

Evidence that an employer's stated reason for an employment action is false is ordinarily sufficient to permit you to find that the employer was actually motivated by sex discrimination or retaliation.

Source: ***Reeves v. Sanderson Plumbing Products, Inc.***, 530 U.S. 133, 120 S. Ct. 2097, 147 L.Ed.2d 105 (2000); *see also **Ratliff v. City of Gainesville***, 256 F.3d 355, 359 (5th Cir. 2001) (holding the district court erred when it failed to give the following inference instruction: "If the Plaintiff disproves the reasons offered by Defendant by a preponderance of the evidence, you may presume that the employer was motivated by [age, race, sex, etc.] discrimination.")

Evidence that an employer's stated reason for an employment decision was insufficient to motivate the employment decision is ordinarily sufficient to permit you to find that the employer was actually motivated by discrimination or retaliation.

Source: ***Reeves v. Sanderson Plumbing Products, Inc.***, 530 U.S. 133,120 S.Ct. 2097, 147 L.Ed.2d 105 (2000).

**Retaliation for Exercising First Amendment Rights.**

Ms. Jordan claims that the Defendant, while acting "under color of state law," intentionally deprived the plaintiff of rights under the Constitution of the United States.

Ms. Jordan claims that while the Defendant was acting under color of authority of the State of Texas as Ector County District Clerk, she intentionally violated Ms. Jordan's constitutional rights. Ms. Jordan claims that when the Defendant terminated her from her employment because of her exercise of her right of free speech, the Defendant deprived her of her rights under the First Amendment of the Constitution.

The First Amendment of the Constitution of the United States gives every citizen the right to freedom of speech, which includes the freedom of political beliefs, association, affiliation and participation which Ms. Jordan engaged in when she chose to run against Defendant Janis Morgan for the position of Ector County District Clerk.

A person may sue for an award of money damages against anyone who, "under color" of any State law or custom, intentionally violates the plaintiff's rights under the Constitution of the United States.

Thus, the plaintiff must prove by a preponderance of the evidence each of the following:

1. That Defendant Janis Morgan acted "under color" of the authority of the State of Texas;

2. That the Plaintiff Donna Jordan engaged in political speech that is "protected" by the First Amendment of the U.S. Constitution;

3. That Plaintiff Donna Jordan's exercise of protected First Amendment rights was a substantial or motivating factor in the Defendant's decision to terminate her employment;

4. That the Defendant's acts were the proximate or legal cause of Plaintiff Jordan's damages. The Plaintiff does not have to prove that the protected political activity was the only reason for the termination. It is sufficient if the Plaintiff proves that

the Plaintiff's protected political activities were a determinative consideration that made a difference in the Defendant Janis Morgan's decision.

In this case the Parties have stipulated (agreed) that the defendants acted "under color" of state law. You must accept that fact as proven.

To prove that her speech activities were a substantial or motivating factor in the defendant's(s') decision, the plaintiff does not have to prove that those speech activities were the only reason the defendants made the decision. The plaintiff need only prove that the speech activities were a substantial consideration that made a difference in or influenced the Defendant's decision.

**Equal Protection**

Ms. Jordan also claims that the Defendant, while acting "under color of state law," intentionally deprived the plaintiff of her Equal Protection rights under the Constitution of the United States.

Ms. Jordan claims that while the Defendant was acting under color of authority of the State of Texas as Ector County District Clerk, she intentionally violated Ms. Jordan's constitutional rights. Ms. Jordan claims that when the Defendant terminated her from her employment Ms. Jordan received treatment different from that received by similarly situated individuals and that the unequal treatment stemmed from exercising a fundamental right - her rights guaranteed her by the First Amendment of the Constitution.

A person may sue for an award of money damages against anyone who, "under color" of any State law or custom, intentionally violates the plaintiff's rights under the Constitution of the United States.

Thus, the plaintiff must prove by a preponderance of the evidence each of the following:

1. That Defendant Janis Morgan acted "under color" of the authority of the State of Texas;

2. That the Plaintiff Donna Jordan compared with others similarly situated, was selectively treated;

3. That such selective treatment was based on the intent to inhibit or punish the exercise of constitutional rights, or malicious or bad faith intent to injure a person;

4. That the Defendant's had no rational basis for the way Plaintiff was treated.

In this the Parties have stipulated (agreed) that the defendants acted "under color" of state law. You must accept that fact as proven.

--------------------------

Ms. Jordan must also prove by a preponderance of the evidence that the act or failure to act by the defendant was a cause-in-fact of the damage plaintiff suffered. An act or a failure to act is a cause-in-fact of an injury or damages if it appears from the evidence that the act or omission played a substantial part in bringing about or actually causing the injury or damages. The plaintiff must also prove by a preponderance of the evidence that the act or failure to act by the defendant was a proximate cause of the damage plaintiff suffered. An act or omission is a proximate cause of the plaintiffs injuries or damages if it appears from the evidence that the injury or damage was a reasonably foreseeable consequence of the act or omission.[1]

If you find for Ms. Jordan and against the Defendant, you must then decide the issue of the plaintiffs damages.

If you decide to award compensatory damages, you should be guided by dispassionate common sense. Computing damages may be difficult, but you must not let that difficulty lead

---

[1] See Anderson v. Nosser, 456 F.2d 835 (5th Cir.1972) *affirmed sub nom.* Nosser v. Bradley, 409 U.S. 848, 93 S.Ct. 53, 34 L.Ed.2d 89 (1972); Reimer v. Smith, 663 F.2d 1316 (5th Cir.1981). See also S. Nahmod, Civil Rights and Civil Liberties Litigation—The Law of Section 1983, sections 3.17 and 3.18 (second edition 1986)

you to engage in arbitrary guesswork. On the other hand, the law does not require that Ms. Jordan prove the amount of her losses with mathematical precision, but only with as much definiteness and accuracy as the circumstances permit.

You must use sound discretion in fixing an award of damages, drawing reasonable inferences where you find them appropriate from the facts and circumstances in evidence.

You should consider the following elements of damage, to the extent you find them proved by a preponderance of the evidence.

You may award damages for any pain and suffering, mental anguish, and/or loss of capacity for enjoyment of life that the plaintiff experienced in the past or will experience in the future as a result of the injury. No evidence of the value of intangible things, such as mental pain and suffering, has been or need be introduced. You are not trying to determine value, but an amount that will fairly compensate Plaintiffs for the damages they have suffered. There is no exact standard for fixing the compensation to be awarded for these elements of damage. Any award that you make should be fair in the light of the evidence.

*Source:*   Fifth Circuit Pattern Jury Instructions, Civil Cases, § § 15.2 and 15.24 (2004 edition).

**Calculation of Past and Future Damages**

If you find for Ms. Jordan, she is entitled to recover an amount that will fairly compensate her for any damages she has suffered to date. If you find that Ms. Jordan is reasonably certain to suffer damages in the future, then you should also award her the amount you believe would fairly compensate her for such future damages.

*Source:*   Fifth Circuit Pattern Jury Instructions, Civil Cases, § 15.3 (2004 edition).

**Punitive Damages**

If you find that the Defendants are liable in this action, you may also award punitive damages against Janis Morgan in her individual capacity if the Plaintiff has proven that Janis Morgan acted with malice or willfulness or with callous and reckless indifference to the safety or rights of others. One acts willfully or with reckless indifference to the rights of others when she acts in disregard of a high and excessive degree of danger about which she knows or which should be apparent to a reasonable person in his condition. If you determine that Janis Morgan's conduct was so shocking and offensive as to justify an award of punitive damages, you may exercise your discretion to award those damages. In making an award of punitive damages you should consider that the purpose of punitive damages is to punish Janis Morgan for shocking conduct and to deter her and others from engaging in similar conduct in the future. The law does not require you to award punitive damages, however, if you decide to award punitive damages you must use sound reason in setting the amount of the damages. The amount of award of punitive damages must not reflect bias, prejudice or sympathy toward any party. It should be presumed that a Plaintiff has been made whole by compensatory paid damages so punitive damages should be awarded only if Janis Morgan's conduct, after having paid compensatory damages is so reprehensible as to warrant the imposition of further sanctions to achieve punishment or deterrents. You may consider the financial resources of the Defendant, Janis Morgan, in fixing the amount of punitive damages. You may not impose punitive damages against Ector County.

**VERDICT**

**INTERROGATORY NO. ONE**

Did Defendant Janis Morgan violate the First Amendment Rights of Plaintiff Donna Jordan?

ANSWER "YES" OR "NO:"                                              Answer:_____

IF YOUR ANSWERS TO INTERROGATORY NO. ONE IS "YES," THEN ANSWER THE FOLLOWING INTERROGATORIES. IF YOUR ANSWERS TO INTERROGATORIES NO. ONE IS "NO," THEN DO NOT ANSWER THE FOLLOWING INTERROGATORIES.

**INTERROGATORY NO. TWO**

What sum of money, if any, if paid now in cash, would fairly and reasonably compensate **Ms. Jordan for her** damages, if any, that resulted from such conduct?

Answer separately, in dollars and cents for damages, if any.

    A.    Backpay and lost employment benefits:

            Answer:$_____

    B.    Frontpay and future employment benefits:

            Answer:$_____

    C.    Compensatory damages in the past.

            Answer:$_____

    D.    Compensatory damages in the future.

            Answer:$_____

## INTERROGATORY NO. THREE

Did Defendant Janis Morgan violate Plaintiff's First Amendment Rights with malice or willfulness or with callous and reckless indifference to the Plaintiff?

ANSWER "YES" OR "NO:"                                         Answer:_____

IF YOUR ANSWERS TO INTERROGATORY NO. THREE IS "YES," THEN ANSWER INTERROGATORY NO. FOUR. IF YOUR ANSWERS TO INTERROGATORIES NO. THREE IS "NO," THEN DO NOT ANSWER INTERROGATORY NO. FOUR.

## INTERROGATORY NO. FOUR

What sum of money, if any, if paid now in cash, would punish Janis Morgan and deter her and others from engaging in similar conduct in the future?

Answer: $_____

## INTERROGATORY NO. FIVE

Did Defendant Janis Morgan violate the Equal Protection Rights of Plaintiff Donna Jordan?

ANSWER "YES" OR "NO:"                                         Answer:_____

IF YOUR ANSWERS TO INTERROGATORY NO. FIVE IS "YES," THEN ANSWER THE FOLLOWING INTERROGATORIES. IF YOUR ANSWERS TO INTERROGATORIES NO. FIVE IS "NO," THEN DO NOT ANSWER THE FOLLOWING INTERROGATORIES.

## INTERROGATORY NO. SIX

What sum of money, if any, if paid now in cash, would fairly and reasonably compensate **Ms. Jordan for her** damages, if any, that resulted from such conduct?

Answer separately, in dollars and cents for damages, if any.

A.   Backpay and lost employment benefits:

Answer:$_____

B.     Frontpay and future employment benefits:

        Answer:$_____

C.     Compensatory damages in the past.

        Answer:$_____

D.     Compensatory damages in the future.

        Answer:$_____

### INTERROGATORY NO. SEVEN

Did Defendant Janis Morgan violate Plaintiff's Equal Protection Rights with malice or willfulness or with callous and reckless indifference to the Plaintiff?

ANSWER "YES" OR "NO:"        Answer:_____

IF YOUR ANSWERS TO INTERROGATORY NO. SEVEN IS "YES," THEN ANSWER INTERROGATORY NO. EIGHT. IF YOUR ANSWERS TO INTERROGATORIES NO. SEVEN IS "NO," THEN DO NOT ANSWER INTERROGATORY NO. FOUR.

### INTERROGATORY NO. EIGHT

What sum of money, if any, if paid now in cash, would punish Janis Morgan and deter her and others from engaging in similar conduct in the future?

        Answer: $_____