IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION

| | | |
|---|---|---|
| DONNA JORDAN, § | | |
| Plaintiff, § | | |
| § | | |
| v. § | | MO-05-CV-123 |
| § | | |
| ECTOR COUNTY AND § | | |
| JANIS MORGAN, INDIVIDUALLY § | | |
| AND IN HER OFFICIAL § | | |
| CAPACITY AS ECTOR COUNTY § | | |
| DISTRICT CLERK, § | | |
| Defendants. § | | |

## COURT'S INSTRUCTIONS TO THE JURY

### GENERAL INSTRUCTIONS

MEMBERS OF THE JURY:

You have heard the evidence in this case. I will now instruct you on the law that you must apply. It is your duty to follow the law as I give it to you. On the other hand, you the jury are the judges of the facts. Do not consider any statement that I have made in the course of trial or make in these instructions as an indication that I have any opinion about the facts of this case.

After I instruct you on the law, the attorneys will have an opportunity to make their closing arguments. Statements and arguments of the attorneys are not evidence and are not instructions on the law. They are intended only to assist the jury in understanding the evidence and the parties' contentions.

Answer each question from the facts as you find them. Do not decide who you think should win and then answer the questions accordingly. Your answers and your verdict must be unanimous.

## BURDEN OF PROOF

In this case, Plaintiff Donna Jordan must prove every essential part of her claim by a preponderance of the evidence.

A preponderance of the evidence simply means evidence that persuades you that Donna Jordan's claim is more likely true than not true.

In deciding whether any fact has been proven by a preponderance of the evidence, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

If the proof fails to establish any essential part of Donna Jordan's claim by a preponderance of the evidence, you should find for Defendants Ector County and Janis Morgan as to that claim.

## CONSIDERATION OF THE EVIDENCE

You are the sole judges of the credibility or "believability" of each witness and the weight to be given to his or her testimony. In weighing the testimony of a witness you should consider his or her relationship to Donna Jordan or Ector County and Janis Morgan; his or her interest, if any, in the outcome of the case; his or her manner of testifying; his or her opportunity to observe or acquire knowledge concerning the facts about which he or she testified; his or her candor, fairness and intelligence; and the extent to which he or she has been supported or contradicted by other credible witnesses in whole or in part.

While you should consider only the evidence in this case, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience. In other words, you may make deductions and reach conclusions that reason and

common sense lead you to draw from the facts that have been established by the testimony and evidence in the case.

The testimony of a single witness may be sufficient to prove any fact, even if a greater number of witnesses may have testified to the contrary, if after considering all the other evidence you believe that single witness.

There are two types of evidence that you may consider in properly finding the truth as to the facts in the case. One is direct evidence—such as testimony of an eyewitness. The other is indirect or circumstantial evidence—the proof of a chain of circumstances that indicates the existence or nonexistence of certain other facts. As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that you find the facts from a preponderance of all the evidence, both direct and circumstantial.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people may forget some things or remember other things inaccurately. So, if a witness has made a misstatement, you need to consider whether that misstatement was an intentional falsehood or simply an innocent lapse of memory; and the significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

## IMPEACHMENT BY WITNESSES' INCONSISTENT STATEMENTS

In determining the weight to give to the testimony of a witness, you should ask yourself whether there was evidence tending to prove that the witness testified falsely about some important fact, or, whether there was evidence that at some other time the witness said something that was

different from the testimony he or she gave at the trial.

## BIAS

Do not let bias, prejudice or sympathy play any part in your deliberations. A business, a governmental entity and all other persons are equal before the law and must be treated as equals in a court of justice.

## USE OF NOTES TAKEN BY JURORS

Any notes that you have taken during this trial are only aids to memory. If your memory should differ from your notes, then you should rely on your memory and not on the notes. The notes are not evidence. A juror who has not taken notes should rely on his or her independent recollection of the evidence and should not be unduly influenced by the notes of other jurors. Notes are not entitled to any greater weight than the recollection or impression of each juror about the testimony.

## FIRST AMENDMENT

The First Amendment of the Constitution of the United States gives every citizen the right to freedom of speech, which includes the right to engage in political activity, such as holding meetings, running for office or supporting political candidates without governmental interference or penalties. This means that, in the case of governmental or public employees, public employees may not be discharged from their employment by governmental authority because of political activity that is protected by the First Amendment.

A person may sue for an award of money damages against anyone who, "under color" of any State law or custom, intentionally violates plaintiff's rights under the Constitution of the United States.

## PUBLIC EMPLOYEES AND THE FIRST AMENDMENT

You should be mindful that the laws applicable to this case require only that a public employer refrain from taking action against a public employee because of the employee's exercise of a protected First Amendment right. Under Texas law, Donna Jordan is an employee at will. So far as you are concerned, in this case, a public employer may discharge a public employee who is an employee at will for any other reason, good or bad, fair or unfair, as long as the termination was not done in violation of Donna Jordan's exercise of protected First Amendment rights, and you must not second guess that decision or permit any sympathy for the employee to lead you to substitute your own judgment for that of Ector County and Janis Morgan even though you personally may not approve of the action taken and would have acted differently under the circumstances. Neither does the law require that a public employer extend any special or favorable treatment to public employees because of their exercise of a protected First Amendment right.

## STIPULATION OF FACTS

The parties agree to the following facts:

1. Donna Jordan was an employee of the Ector County District Clerk's Office from June 2, 1980 through December 22, 1984 and resumed employment from September 3, 1985 through March 21, 2005.

2. Janis Morgan, prior to taking office as Ector County District Clerk, had been an employee in the Ector County District Clerk's Office since June 18, 1984.

3. Donna Jordan was Chief Deputy of the Ector County District Clerk's office from October 1, 1997 through November 7, 2002.

4.   In November 2002 Donna Jordan ran as a candidate for the position of District Clerk of Ector County while Janis Morgan also ran as a candidate for that position.

5.   Janis Morgan, as elected Ector County District Clerk, was acting under color of state law.

6.   Donna Jordan was terminated on March 21, 2005.

7.   Donna Jordan's rate of pay on March 21, 2005 was $15.28 per hour.

## STATEMENT OF THE CASE

Plaintiff Donna Jordan claims she was fired from her job in violation of her First Amendment rights to free speech guaranteed her by the U.S. Constitution. Specifically, she asserts that the decision to fire her was based upon her political beliefs, association, and affiliation. Donna Jordan contends that she did not violate any rules when she used white out on a docket sheet and when she retrieved a file from a judge's office with the assistance of both a security officer and an assistant attorney general; she claims there are no such policies to violate. Donna Jordan contends that the real reason she was fired was because she was Janis Morgan's former political rival, and that Janis Morgan continued to regard Donna Jordan as a political opponent for future races.

Defendants Ector County and Janis Morgan argue that in Texas an at-will employee, such as Donna Jordan, can be terminated at any time with or without cause as long as the termination was not done in violation of an employee's exercise of First Amendment rights. Even though cause is not necessary, cause did exist in this case. The Defendants contend that there is no evidence that an exercise of First Amendment rights was either a motivating or substantial factor in the termination, rather the termination was a result of Donna Jordan's own conduct. Donna Jordan admitted without prior permission, that she pulled a Judge's order, and purged the Judge's entry on the file's docket

sheet. Later, the same Judge complained to Janis Morgan about Donna Jordan's entry into that Judge's locked office to retrieve a file that had been pulled by that Judge's staff the same day.

## CIVIL RIGHTS—42 USC SECTION 1983

### ADVERSE EMPLOYMENT DECISION—EXERCISE OF FIRST AMENDMENT RIGHTS

Plaintiff Donna Jordan claims that Defendants Ector County and Janis Morgan, while acting "under color of state law," intentionally deprived her of rights under the Constitution of the United States.

Donna Jordan claims that while Janis Morgan was acting under color of authority of the State of Texas as Ector County District Clerk Janis Morgan intentionally violated her constitutional rights. Donna Jordan claims that when Ector County and Janis Morgan discharged her from employment because of her exercise of the right of free speech, they deprived her of her rights under the First Amendment of the Constitution.

Plaintiff Donna Jordan must prove by a preponderance of the evidence each of the following:

1. That the actions of Defendants Ector County and Janis Morgan were "under color" of the authority of the State of Texas;

2. That Donna Jordan's speech activities were Constitutionally "protected" under the First Amendment;

3. That Donna Jordan's exercise of protected First Amendment rights was a substantial or motivating factor in Ector County and Janis Morgan's decision to discharge her from employment; and

    4.    That Ector County and Janis Morgan's acts were the proximate or legal cause of Donna Jordan's damages.

In this case the parties have stipulated (agreed) that Defendants Ector County and Janis Morgan acted "under color" of state law. You must accept that fact as proven.

To prove that her speech activities were a substantial or motivating factor in Ector County and Janis Morgan's decision, Donna Jordan does not have to prove that those speech activities were the only reason Ector County and Janis Morgan made the decision. Donna Jordan need only prove that the speech activities were a substantial consideration that made a difference in or influenced Ector County and Janis Morgan's decision.

Donna Jordan must also prove by a preponderance of the evidence that the acts by Ector County and Janis Morgan was a cause-in-fact of the damage she suffered. An act is a cause-in-fact of an injury or damages if it appears from the evidence that the act or omission played a substantial part in bringing about or actually causing the injury or damages. Donna Jordan must also prove by a preponderance of the evidence that the acts by Ector County and Janis Morgan were a proximate cause of the damage she suffered. An act is a proximate cause of Donna Jordan's injuries or damages if it appears from the evidence that the injury or damage was a reasonably foreseeable consequence of the act or omission.

If you find that Donna Jordan has established each element of her claim, you must then decide whether Ector County and Janis Morgan have shown by a preponderance of the evidence that they would have dismissed Donna Jordan for other reasons even if she had not exercised her protected speech activity. If you find that Ector County and Janis Morgan would have dismissed

Donna Jordan for reasons apart from the speech activity, then your verdict should be for Ector County and Janis Morgan.

If you find for Donna Jordan and against Ector County and Janis Morgan on their defense, you must then decide the issue of her damages.

## CONSIDER DAMAGES ONLY IF NECESSARY

If Donna Jordan has proven her claim against Ector County and Janis Morgan by a preponderance of the evidence, you must determine the damages to which she is entitled. You should not interpret the fact that I have given instructions about Donna Jordan's damages as an indication in any way that I believe that she should, or should not, win this case. It is your task first to decide whether Ector County and Janis Morgan are liable. I am instructing you on damages only so that you will have guidance in the event you decide that Ector County and Janis Morgan are liable and that Donna Jordan is entitled to recover money from Ector County and Janis Morgan.

## COMPENSATORY DAMAGES

If you find that Ector County and Janis Morgan are liable to Donna Jordan, then you must determine an amount that is fair compensation for all of Donna Jordan's damages. These damages are called compensatory damages. The purpose of compensatory damages is to make Donna Jordan whole—that is, to compensate her for the damage that she has suffered.

You may award compensatory damages only for injuries that Donna Jordan proves were proximately caused by Ector County and Janis Morgan's allegedly wrongful conduct. The damages that you award must be fair compensation for all of Donna Jordan's damages, no more and no less.

Damages are not allowed as a punishment and cannot be imposed or increased to penalize the defendants. You should not award compensatory damages for speculative injuries, but only for those injuries which Donna Jordan has actually suffered or that she is reasonably likely to suffer in the future.

If you decide to award compensatory damages, you should be guided by dispassionate common sense. Computing damages may be difficult, but you must not let that difficulty lead you to engage in arbitrary guesswork. On the other hand, the law does not require that Donna Jordan prove the amount of her losses with mathematical precision, but only with as much definiteness and accuracy as the circumstances permit.

You must use sound discretion in fixing an award of damages, drawing reasonable inferences where you find them appropriate from the facts and circumstances in evidence.

You should consider the following elements of damage, to the extent you find them proved by a preponderance of the evidence:

    A.    Damages Accrued

If you find for Donna Jordan, she is entitled to recover an amount that will fairly compensate her for any damages she has suffered to date.

    B.    Calculation of Future Damages

If you find that Donna Jordan is reasonably certain to suffer damages in the future from her injuries, then you should award her the amount you believe would fairly compensate her for such future damages.

C.   Reduction of Future Damages to Present Value

An award of future damages necessarily requires that payment be made now for a loss that Donna Jordan will not actually suffer until some future date. If you should find that Donna Jordan is entitled to future damages, including future earnings, then you must determine the present worth in dollars of such future damages.

If you award damages for loss of future earnings, you must consider two particular factors:

1.   You should reduce any award by the amount of the expenses that Donna Jordan would have incurred in making those earnings.

2.   If you make an award for future loss of earnings, you must reduce it to present value by considering the interest that Donna Jordan could earn on the amount of the award if she made a relatively risk-free investment. The reason why you must make this reduction is because an award of an amount representing future loss of earnings is more valuable to Donna Jordan if she receives it today than if she received it in the future, when she would otherwise have earned it. It is more valuable because Donna Jordan can earn interest on it for the period of time between the date of the award and the date she would have earned the money. Thus you should adjust the amount of any award for future loss of earnings by the amount of interest that Donna Jordan can earn on that amount in the future.

## MITIGATION OF DAMAGES

A person who claims damages resulting from the wrongful act of another has a duty under the law to use reasonable diligence to mitigate—to avoid or minimize those damages.

If you find Ector County and Janis Morgan are liable and Donna Jordan has suffered damages, Donna Jordan may not recover for any item of damage which she could have avoided through reasonable effort. If you find by a preponderance of the evidence Donna Jordan unreasonably failed to take advantage of an opportunity to lessen her damages, you should deny her recovery for those damages which she would have avoided had she taken advantage of the opportunity.

You are the sole judge of whether Donna Jordan acted reasonably in avoiding or minimizing her damages. An injured plaintiff may not sit idly by when presented with an opportunity to reduce her damages. However, she is not required to exercise unreasonable efforts or incur unreasonable expenses in mitigating the damages. Ector County and Janis Morgan have the burden of proving the damages which Donna Jordan could have mitigated. In deciding whether to reduce Donna Jordan's damages because of her failure to mitigate, you must weigh all the evidence in light of the particular circumstances of the case, using sound discretion in deciding whether Ector County and Janis Morgan have satisfied their burden of proving that Donna Jordan's conduct was not reasonable.

## PUNITIVE DAMAGES

Donna Jordan also claims that the acts of Janis Morgan were done with malice or reckless indifference to Donna Jordan's First Amendment right so as to entitle her to an award of punitive damages in addition to compensatory damages.

If you find for Donna Jordan, and if you further find that Janis Morgan did act with malice or reckless indifference to the Donna Jordan's First Amendment right, the law would allow you, in

your discretion, to assess punitive damages against Janis Morgan as punishment and as a deterrent to others.

If you find that punitive damages should be assessed against Janis Morgan, you may consider the financial resources of Janis Morgan in fixing the amount of such damages.

The amount of award of punitive damages must not reflect bias, prejudice or sympathy toward any party. It should be presumed that Donna Jordan has been made whole by compensatory paid damages so punitive damages should be awarded only if Janis Morgan's conduct, after having paid compensatory damages is so reprehensible as to warrant the imposition of further sanctions to achieve punishment or deterrents. You may not impose punitive damages against Ector County.

## DUTY TO DELIBERATE

It is your sworn duty as jurors to discuss the case with one another in an effort to reach agreement if you can do so. Each of you must decide the case for yourself, but only after full consideration of the evidence with the other members of the jury. While you are discussing the case, do not hesitate to re-examine your own opinion and change your mind if you become convinced that you are wrong. However, do not give up your honest beliefs solely because the others think differently, or merely to finish the case.

When you retire to the jury room to deliberate on your verdict, you may take this charge with you as well as exhibits which the Court has admitted into evidence. Select your Foreperson and conduct your deliberations. If you recess during your deliberations, follow all of the instructions that the Court has given you about your conduct during the trial. After you have reached your unanimous

verdict, your Foreperson is to fill in on the form your answers to the questions. Do not reveal your answers until such time as you are discharged, unless otherwise directed by me. You must never disclose to anyone, not even to me, your numerical division on any question.

If you want to communicate with me at any time, please give a written message or question to the courtroom security officer, who will bring it to me. I will then respond as promptly as possible either in writing or by having you brought into the courtroom so that I can address you orally. I will always first disclose to the attorneys your question and my response before I answer your question.

After you have reached a verdict, you are not required to talk with anyone about the case unless the Court orders otherwise. You may now retire to the jury room to conduct your deliberations.

## VERDICT FORM

In answering the questions, some require an answer of "yes" or "no." A "yes" answer must be based on a preponderance of the evidence. If you do not find that a preponderance of the evidence supports a "yes" answer, then answer "no." All other answers to questions must be based on a preponderance of the evidence.